IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**IVAN ROMERO**                                                                                                    **PETITIONER**

**v.**                                                             **CIVIL ACTION NO. 5:19-cv-35-DCB-MTP**

**WARDEN S. GILLIS**                                                                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Ivan Romero's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied.

## BACKGROUND

On October 14, 2012, law enforcement officers in Florida arrested Petitioner for semitrailer theft, grand theft, and burglary. ([2] at 3; [13-1] at 1). On August 23, 2013, a Florida state court sentenced Petitioner to a six-year term of imprisonment. ([2] at 3; [13-1] at 1). On August 7, 2015, the United States Marshals Service temporarily took custody of Petitioner pursuant to a federal writ of habeas corpus *ad prosequendum* because Petitioner had been charged with federal crimes[1] in the United States District Court for the Western District of Kentucky. ([2] at 3; [13-1] at 2). On April 19, 2016, after pleading guilty, the federal district court sentenced Petitioner to a 57-month term of imprisonment. ([2] at 4; [13-1] at 2).[2]

On May 25, 2016, following Petitioner's sentencing in federal court, the Marshals Service returned him to state custody. ([13-1] at 2). Petitioner's state term of imprisonment

---

[1] Petitioner's federal charges included aiding and abetting theft from an interstate shipment and conspiracy to commit an offense against the United States.

[2] The district court ordered that eleven months of the 57-month term of imprisonment run concurrently with Petitioner's state term of imprisonment.

1

expired on December 7, 2017, and thereafter, he was taken into federal custody. ([2] at 4; [13-1] at 2).  The Bureau of Prisons ("BOP") computed the commencement of Petitioner's federal sentence as February 25, 2017. ([13-1] at 2).

On April 29, 2019, Petitioner filed the instant Petition asserting the he should have received credit against his federal sentence for the time he spent in temporary federal custody prior to his sentencing in federal court—August 7, 2015, through April 19, 2016.  Petitioner also asserts that he should have received credit against his federal sentence for the time from December 9, 2017, to February 6, 2018.[3]

## ANALYSIS

Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence.  "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  The statute also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

---

[3] This period of time—December 9, 2017, through February 6, 2018—began when Petitioner was taken into federal custody and ended when he was placed in his assigned BOP facility. ([2] at 10; [13-2] at 8).

18 U.S.C. §3585(b) (emphasis added).

The United States Court of Appeals for the Fifth Circuit has made clear that an inmate in federal custody on a writ of habeas corpus *ad prosequendum* from state custody remains in state custody. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . . A writ of habeas corpus *ad prosequendum*, is only a 'loan' of a prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Thus, Petitioner's federal term of imprisonment did not commence while he was in temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Wilburn*, 2009 WL 197569, *4 (S.D. Tex. Jan. 27, 2009).

Additionally, he is not entitled to credit for the time he spent in temporary federal custody. The Supreme Court has explained that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Petitioner asserts that the time from August 7, 2015, to April 19, 2016, was not credited to his state sentence. However, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Maxie v. Quarterman*, 2008 WL 4056298, at *14 (S.D. Tex. Aug. 29, 2008) ("Even under the rule of liberal construction, mere conclusory allegations 'are insufficient to raise a constitutional issue.'") (quoting *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993)). The record does not support Petitioner's assertion. Respondent submitted an email from the Florida Department of

Corrections stating that the relevant time period was credited to his state sentence. ([13-1] at 2; [13-2] at 20).

Petitioner has failed to demonstrate that he is entitled to credit for the time from August 7, 2015, to April 19, 2016. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971) (finding that petitioner was not entitled to credit toward his federal sentence when the "petitioner was exclusively in state custody for a state parole violation, except when appearing in federal court via habeas corpus ad prosequendum."); *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, *3 (5th Cir. 2001); *Wilburn*, 2009 WL 197569 at *4.

Petitioner also asserts that he should have received credit against his federal sentence for the time from December 9, 2017, to February 6, 2018. But, Petitioner provided no evidence showing that this time was not credited to his federal sentence. On the other hand, Respondent submitted records demonstrating that Petitioner's federal sentence commenced on February 2, 2017, and that the time from December 9, 2017, to February 6, 2018, was credited to his sentence. ([13-1] at 2; [13-2] at 18).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 10th day of December, 2020.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE